Curia, per
Frost, J.
A protest is a declaration, on oath, by the master, of the circumstances attending the loss of his vessel, intended to shew that the loss occurred by the perils of the sea, and concluding with a protestation against any liability of the owner to the freighters. Its use and design seem to be, merely to authenticate the fact of a loss to the insurer and all concerned, and to repel any inference, unfavorable to the owner, from a neglect to record, at the earliest time, a statement of the fact and causes of the loss. Though some of the crew may join in the declaration, the protest is the act of the master. From the character of the instrument, being an ex parte declaration, it is contrary to settled principles that it should be received as evidence of the facts therein stated. It is not so received in the English Courts, (Senat vs. Porter, 7 T. R. 154.) nor in the Courts of most of the United States. Although it has been admitted, in our Courts, in an action by the owner against the insurer, (Miller & Brown vs. So. Ca. Ins. Comp. 2 McC. 336,) there is no authority which sanctions the admission in evidence of the protest, when the master is, himself, sole owner and plaintiff in the action ; and it was properly rejected.
If the plaintiff’s name had been erased from the protest, the instrument would still contain the plaintiff’s declaration, and,, therefore, be incompetent evidence in support of his action while it would cease, by such erasure, to be a protest, and lose all claim to be received in that character. If the erasure of the plaintiff’s subscription to the protest could annul his declaration, then only the declarations of the seamen would remain; and they were clearly inadmissible.
But the declaration of Burton Powers, in the protest,, should have been admitted to contradict his deposition. Powers was *420 the mate of the brig. His testimony (which was directly contradicted by his declaration) was strongly against the plaintiff’s claim; and it was important to the plaintiff to impeach his credibility, by shewing his contradictory statement. That his declaration could not be detached from the plaintiff’s, was not sufficient cause to deprive the plaintiff of evidence, competent and material to the issue. The jury should have been instructed not to regard the declaration of the plaintiff; and the reasons for its exclusion, as competent evidence, would have deprived it of any influence or consideration with them. Though the deposition of Powers was taken under the plaintiff’s commission, and by him introduced, on the first trial, yet the plaintiff might decline to read it on the second trial, in the same manner as he might have declined to examine Powers on the second trial, if he had examined him, orally, on the first.
In deciding the question of the defendant’s liability, made by the fourth ground of appeal, it must be noticed, that the plaintiff was the master of the brig, and, by the record, appears to be sole owner. The loss did not occur by negligence or misconduct in the navigation of the brig. It was not foundered by running on an iceberg when the seaman charged with the look out was asleep; nor was it wrecked on a shoal, from the master’s ignorance of a current which drifted the brig from her course; or from his inattention to the operation of a known current. The loss resulted from an alleged unsoundness of the brig; the sufficiency of which, for the voyage, was one of the subjects of the original warranty. The brig leaked badly on the voyage from Edenton to New York; the plaintiff might have had it repaired at that port, but neglected to do so. The jury have found that the leaky condition of the vessel amounted to unseaworthiness ; and that its loss, on the voyage back from New York to Edenton, was caused by that unseaworthiness ; or by the unseaworthiness of the vessel before the insurance was effected.
If, after the commencement of the risk, any damage or loss occur to the vessel which renders it unseaworthy, and the master having made a port where such damage might be repaired, *421 neglects to have the same repaired, and the vessel is afterwards lost in consequence of such unseaworthiness: though the proximate cause of the loss be a peril of the sea, yet the ultimate and effective cause of the loss, is the neglect of the master to make the repairs which would have prevented it. If the anchors be lost, and by negligence of the master, not supplied to the vessel, and it is stranded for want of them; or if the master sail without a pilot, and the vessel is wrecked on the bar, though, in either case, a peril of the sea be the immediate cause of the loss, yet the effective cause was the negligence of the master in not procuring anchors or a pilot. In neither case is the effective cause of loss one of the perils insured. But unseaworthiness which occurs during the voyage, from the negligence of the master or crew, is not a breach of the original warranty, which will vacate .the policy, and wholly discharge the insurer from liability. If the loss happen from any other cause than such unseaworthiness, the policy will attach. As if the master sail without anchors or a pilot, and the vessel be destroyed by lightning, the insurers will be liable.
When the loss is attributable to the negligence of the master or crew, the cases are conflicting, respecting which of the parties to the policy, the owner or the insurer, shall be responsible for it. In Dixon vs. Sadler, (5 M. & W. 413,) which was affirmed on appeal in the Exchequer Chamber, (8 M. & W. 894,) it is declared to be established by the modern cases, that when the vessel, crew and equipments are originally sufficient, the insurer is responsible for any subsequent deficiency occasioned by the neglect or misconduct of the master or crew. .This rule is adopted as one of public policy to prevent, as it is said, many nice and difficult enquiries, and to afford more complete indemnity to the insured; which is the object of insurance. On the contrary it is held by respectable American authorities, that the insurer is not responsible. Hazard vs. Ins. Comp. 1 Sum. 218; Grim vs. The Phoenix Ins. Comp. 13 Johns. R. 451; Cleveland vs. Union Ins. Comp. 8 Mass. R. 308 ; Deblois vs. Ocean Ins. Comp. 16 Pick. 303 ; Starbuck vs. N. E. Ins. Comp. 19 Pick. 198.
*422 But it is not necessary for the decision of the motion in this case to encounter this conflict of authorities. The plaintiff was the owner as well as the master of the brig. The question is not, who shall be responsible for the misconduct or negligence of agents, employed in the navigation of the vessel; the neglect was that of, the plaintiff himself. The Court confirms the in* struction of the Recorder to the jury, that if the plaintiff found his vessel unseaworthy, on the voyage from Edenton to New York, and, in that condition of the vessel sailed on the return voyage to Edenton, having neglected to make the necessary repairs, and the loss occurred in consequence of such unseaworthiness, the defendant is not liable.
The Court is satisfied with the verdict, but on the third ground of appeal, a new trial must be granted.
O’Neall, Evans, Ward law and Whitneb, JJ., concurred.

Motion granted.